NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 19, 2019[*]
Decided August 19, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-2953

| | |
|---|---|
| PAUL FLETCHER, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *v.* | No. 2:14-CV-231-TLS |
| HOEPPNER WAGNER & EVANS, LLP, and WAYNE GOLOMB *Defendants-Appellees*. | Theresa L. Springmann, *Chief Judge*. |

## O R D E R

Scott Taylor named Paul Fletcher as the beneficiary to his retirement accounts and authorized Wayne Golomb to manage the accounts. Weeks before he died, Taylor replaced Fletcher with Mark Zupan as the beneficiary. Fletcher suspects that Golomb helped Zupan forge paperwork to make Zupan the beneficiary. Represented for a time by Hoeppner Wagner & Evans, LLP, Fletcher sued Zupan in Indiana state court and lost

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

at a bench trial. Now in federal court, *see* 28 U.S.C. § 1332, Fletcher sues Golomb for constructive fraud and the law firm for malpractice. The district court entered summary judgment for the defendants. Because Fletcher has not supplied evidence suggesting that Golomb benefited from the alleged scheme to switch beneficiaries or that the law firm provided subpar representation to Fletcher, we affirm the judgment.

We recite the undisputed facts, drawing inferences in Fletcher's favor. *See Holtz v. J.J.B. Hilliard W.L. Lyons, Inc.*, 185 F.3d 732, 738 (7th Cir. 1999). Taylor opened three retirement accounts with Fidelity. He designated his friend Fletcher as the accounts' beneficiary and gave Golomb "limited trading authori[ty]." Afterwards, in the summer of 2008, Fidelity received calls from Golomb and Zupan and someone who identified himself as Taylor. "Taylor" asked Fidelity to make Zupan the beneficiary to his accounts. Fidelity mailed the paperwork to Taylor's current address and later received it signed. The accounts were worth about $300,000 in September, when Taylor died.

After Taylor died, his mother gave Golomb $30,000. Golomb says that Taylor's mother (now deceased) told him that Taylor had wanted to reimburse him for a mistake that Taylor, a specialty mechanic, made when repairing one of his vintage cars. Fletcher responds that Golomb said at another time that he was satisfied with Taylor's repair work and that Taylor never mentioned any mistake to his associates.

Suspecting that Zupan impersonated Taylor when speaking with Fidelity and forged the change-of-beneficiary form, Fletcher sued Zupan in Indiana state court. After firing his first law firm, Fletcher retained Hoeppner Wagner and Evans, LLP. The firm successfully moved to reinstate Fletcher's case (which had been dismissed for failure to prosecute), reviewed depositions that the prior firm had taken, interviewed witnesses, subpoenaed phone records and UPS tracking information, deposed Zupan, and defended Fletcher's deposition. It also hired a handwriting expert who opined that the signature on the change-of beneficiary form likely was authentic. The firm later ended its representation with Fletcher, and Fletcher, with new counsel, lost his case at trial.

Turning to federal court, Fletcher sued Golomb for constructive fraud and the law firm for legal malpractice. He lost at summary judgment. The court determined that Fletcher did not show that Golomb owed him a fiduciary duty or benefited from the alleged fraud. It ruled later that Fletcher had shown neither that the law firm's work was substandard or obviously inadequate.

On appeal, Fletcher first challenges the entry of summary judgment for Golomb on his constructive-fraud claim. To overcome summary judgment on this claim, he

needed to furnish evidence that Golomb owed him a duty and gained an advantage at his expense. *See Strong v. Jackson*, 777 N.E.2d 1141, 1147 (Ind. Ct. App. 2002). Fletcher argues that Golomb's trading authority meant that he owed Fletcher—as the initial beneficiary—a fiduciary duty, and that a reasonable jury could conclude that Golomb received $30,000 for helping Zupan cut Fletcher out of the $300,000 in the accounts.

We agree with the district court that Fletcher has not provided any evidence that Golomb benefited from the alleged scheme. Fletcher trumpets the $30,000 that Taylor's mother paid to Golomb, but he offers no evidence that she paid Golomb this sum for participating in the supposed scheme. Fletcher's evidence suggests only that a jury might disbelieve Golomb's evidence that the mother paid Golomb to compensate him for Taylor's car-repair mistake. But a plaintiff cannot get to a jury simply by casting doubt on the defendant's evidence; "[i]nstead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Fletcher has furnished no evidence suggesting that the payment was Golomb's reward for the beneficiary change, so summary judgment was proper. (Because Fletcher failed to make this showing, we need not assess what duty, if any, Golomb owed Fletcher.)

Fletcher next asserts that he could succeed at trial on his legal malpractice claim against the firm, but we disagree. To withstand summary judgment, Fletcher needed to put forth evidence that the firm failed to exercise ordinary skill and knowledge, injuring him. *See Gates v. O'Connor*, 111 N.E.3d 215, 223–24 (Ind. Ct. App. 2018). Establishing the applicable standard of care generally requires expert testimony, except in "very limited" circumstances where the standard is "within the common knowledge of the community" or counsel's negligence is "grossly apparent." *Barkal v. Gouveia & Assocs.*, 65 N.E.3d 1114, 1119–20, 1122 (Ind. Ct. App. 2016) (quoting *Storey v. Leonas*, 904 N.E.2d 229, 238 (Ind. Ct. App. 2009)). Fletcher did not offer an expert's opinion. (The firm's expert meanwhile opined that it had "met the standards of care and skill in [its] representation.") Moreover, Fletcher's contentions—that the firm pursued inadequate discovery and too-narrow a legal theory—are not matters of common knowledge or grossly apparent. *See id.* at 1122; *Storey*, 904 N.E.2d at 238. Fletcher raises one last argument: the firm failed to evaluate a potential malpractice claim against his prior attorneys. But he did not retain the law firm for that purpose, so it had no duty to do so.

AFFIRMED